UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENSYLVANIA

| | | |
|---|---|---|
| DREAM RICH ENTERTAINMENT, LLC | : | CIVIL ACTION |
| 1597 Brookline Blvd. | | |
| Pittsburgh PA   15226 | | NO. _____ |
| Plaintiff, | | |
| vs. | : | |
| | | JURY TRIAL DEMANDED |
| ROBERT RIHMEEK WILLIAMS | | |
| 1836 N. 18th Street | : | |
| Philadelphia PA 19121          AND | | |
| DREAM CHASER RECORDS, INC. | | |
| 1836 N. 18th Street | : | |
| Philadelphia PA 19121          AND | | |
| ATLANTIC RECORDING CORPORATION | | |
| d/b/a ATLANTIC RECORDS | | |
| 1633 Broadway | : | |
| New York, NY 10019 | | |
| Defendants. | | |

_____

## CIVIL COMPLAINT

A. JURISDICTION AND VENUE

1. Jurisdiction is based upon federal question, to wit, the Copyright Act of 1976 as amended.   Title 17, United States Code.

2.  Venue is proper under the Federal Rules of Civil Procedure.

B. THE PARTIES

3. Plaintiff DREAM RICH ENTERTAINMENT, LLC ("DREAM RICH") is a Pennsylvania limited liability company doing business within this District since 2008, with its registered office located at the above-stated address; DREAM RICH is in the business of songwriting, publishing, copyright administration, production, and other music business related endeavors.

1

4.  Defendant ROBERT RIHMEEK WILLIAMS ("WILLIAMS") is a private adult individual, and is a professional musical artist, p/k/a "Meek Mill", residing and doing business at the above-stated address.

5. Defendant DREAM CHASER RECORDS, INC.  ("DCR") is a Pennsylvania, for-profit corporation formed on May 27, 2011, doing business in this District as a production company and boutique record label record engaged in the commercial exploitation of music, with its principal office and/or corporate headquarters located at the above-stated address; upon information and belief, co-defendant WILLIAMS is principal of DCR.

6.  Defendant ATLANTIC RECORDING CORPORATION d/b/a ATLANTIC RECORDS ("ATLANTIC") is a domestic, for-profit corporation, doing business in this District as a record company engaged in the distribution and other commercial exploitation of music, with its principal offices and/or corporate headquarters located at the above-stated address; upon information and belief, co-defendant ATLANTIC is the distributor of DCR featuring the music of, _inter alia_, co-defendant WILLIAMS.

7.  At all times material hereto, the defendants acted on their own behalves, and/or through the acts of their employees, agents, representatives, servants, and the like, acting within their course of employment and scope of duties.

8.  The doctrines of respondeat superior and vicarious liability apply to defendants DCR and ATLANTIC.

C. THE FACTS

9. In 2018, plaintiff DREAM RICH acquired the copyright to the original rap lyrics titled, "100 Summers", "Cold-Hearted II" (hereinafter "SUBJECT SONGS"), and several additional original rap lyrics solely written by plaintiff's controlled songwriter.

10.  Specifically, plaintiff DREAM RICH was duly and properly granted copyright registration for the rap lyrics to "100 Summers" and "Cold-Hearted II" by the U.S. Library of Congress; DREAM RICH is the sole copyright holder, administrator and publisher for the

SUBJECT SONGS.  Proofs of registration are attached hereto collectively as Exhibits and incorporated by reference as though fully set forth herein and made a part hereof.

11.  From the end of June 2018 through October 2018,  DREAM RICH's controlled songwriter solely authored the original rap lyrics to the SUBJECT SONGS,  which lyrics contain certain unique, protectable elements as defined and cognizable under the United States Copyright Act, as amended.

12.   Such unique, protectable, copyrightable elements of the rap lyrics are inclusive but not limited to:  the originality of the lyrics, the uniqueness of the lyrics, the lack of common phrases in the lyrics; and other unique attributes of the lyrics.

13.  The copyrighted lyrics were written based upon plaintiff's controlled songwriter's interpretation of actual, real life events which affected the controlled songwriter's psyche, providing the impetus for the original creation of the SUBJECT SONGS' unique rap lyrical content.

14.  During or about November 3, 2018, defendant WILLIAMS had access to plaintiff's controlled songwriter's lyrics to the SUBJECT SONGS, as well as having access to additional rap lyrics solely authored by the controlled songwriter and owned and controlled by plaintiff.

15.  Subsequent to WILLIAMS' obtaining access to the controlled songwriter's rap lyrics to the SUBJECT SONGS, WILLIAMS misappropriated the rap lyrics for his own commercial usage, pairing it with music selected by WILLIAMS, without the permission, consent, or knowledge of plaintiff DREAM RICH or its controlled songwriter.

16.  On or about November 30, 2018, WILLIAMS, along with co-defendants DCR and ATLANTIC, commercially released master sound recordings, titled, "100 Summers" and "Cold (the identical titles as plaintiff's controlled songwriter's rap lyrics) with identical and/or substantially similar rap lyrics as penned by DREAM RICH's controlled songwriter.

17.  The rap lyrics for these master sound recordings were performed by defendant WILLIAMS.

18.  Despite plaintiff's efforts to attempt to communicate with defendants, defendants have continued to misappropriate plaintiff's copyrighted rap lyrics, to the detriment of plaintiff and its controlled songwriter, and for the exclusive benefit of defendants.

19.  Defendant's unauthorized misappropriation of plaintiff's copyrighted rap lyrics, and defendants' subsequent offering for sale, and other commercial exploitation of plaintiff's copyrighted rap lyrics in the form of unauthorized master sound recordings released under the "Meek Mill" moniker, constitutes actionable infringement upon plaintiff's copyrights under Title 17 of the United States Code.

## COUNT ONE: VIOLATION OF TITLE 17, UNITED STATES CODE- SEC 115 ET SEQ.
## COPYRIGHT INFRINGEMENT - MECHANICAL LICENSE/ROYALTIES
## (AGAINST ALL DEFENDANTS)

20.  Paragraphs 1 through 19 inclusive, are incorporated by reference as though fully set forth herein and made a part hereof.

21.   Subsequent to plaintiff DREAM RICH's controlled songwriter's creation of the rap lyrics to the Subject Songs, said Subject Songs lyrics were heard by defendant WILLIAMS; defendant WILLIAMS having had access to the Subject Songs as above-pleaded.

22.  Defendant WILLIAMS's access to the subject song was inclusive, but not limited to the controlled songwriter's rapping the lyrics to WILLIAMS on the date hereinabove stated.

23.   Thereafter, the defendants, individually or through representative(s) on their behalves, improperly and unlawfully filed one or more copyright registrations with the Library of Congress for defendants' infringing and unauthorized master sound recordings and underlying musical compositions containing plaintiff's copyrighted lyrics,  claiming rightful authorship thereof, despite the fact that defendants WILLIAMS and DCR had actual notice that his lyrics were derivative and infringing upon the controlled songwriter's original copyrighted rap lyrics, and in doing so, also violative of plaintiff DREAM RICH's copyrights.

24.  Defendant ATLANTIC, by virtue of its close relationship with WILLIAMS and

DCR, had constructive knowledge of said infringement.

25. Defendants' representations put forth on their respective application(s) for copyright registration, without enumerating on the copyright application(s) that their master sound recordings and underlying musical compositions were derivative of the Subject Songs, was false and misleading.

26. By doing so, defendants falsely held themselves out as being the true and lawful author, copyright holder and publisher of their sound recordings and musical compositions, when in fact their recordings and songs were an unlawful infringement of plaintiff's copyrighted Subject Songs.

27. Defendants released their recordings and songs constituting an unlawful infringement of plaintiff DREAM RICH's copyrighted Subect Songs; upon information and belief, defendants' infringing release of their recordings and songs generated in excess of One Million Dollars ($1M) in revenues to the benefit of said defendants, which revenue was derived from their unlawful sale and licensing, including but not limited to physical sales of phonographic records (as the term is liberally known to be construed in the music business), digital revenues (streaming and downloading), ringtones, ringbacks, synchronization and other licensing fees, publishing royalties, Sound Exchange royalties, and other revenues.

28. Under Title 17 of the United States Code, prior to said defendants' commercial release of their recordings and songs containing plaintiff's copyrighted lyrics for public consumption, defendants were required to acquire a mechanical license from plaintiff.

29. Defendants' failure to obtain a proper mechanical license from plaintiff DREAM RICH is a violation of Title 17 of the United States Code.

30. Said defendants are liable to plaintiff for failure to obtain a mechanical license from plaintiff DREAM RICH as required by Title 17 of the United States Code.

31. In the alternative, in the event that this Court deems that no mechanical license was required, due to the prior publication of songs by plaintiff or its controlled songwriter, then in such event, said defendants' conduct is still violative of Title 17 of the

United States Code for failure by defendants to pay <u>any</u> compulsory license fees to plaintiff DREAM RICH, as mandated by applicable copyright laws.

32.  Said defendants are liable to plaintiff for all revenues generated from the sales and licensing of all products and services containing plaintiff's lyrics thereupon, for violation of Section 115 et seq. of Title 17 of the U.S. Code.

WHEREFORE on Count One, plaintiff DREAM RICH demands judgment in its favor, and against defendants WILLIAMS,  DCR, and ATLANTIC, jointly and severally, as follows:

    a)  For actual damages in excess of Seventy-Five Thousand Dollars ($75,000), or in the alternative, for statutory damages;

    b)  For reasonable counsel fees and costs;

    c)  For such other relief as this Court may deem proper.

### COUNT TWO: VIOLATION OF TITLE 17, UNITED STATES CODE - COPYRIGHT INFRINGEMENT
### (AGAINST ALL DEFENDANTS)

33. Paragraphs 1 through 32, inclusive are incorporated by reference as though fully set forth herein and made a part hereof.

34.  Defendants have held themselves out, and have claimed, to compose, author and record copyrightable songs containing original rap lyrics, when in fact, defendants' recordings and songs titled, "100 Summers" and "Cold Hearted II were derivative of plaintiff's copyrighted Subject Songs.

35. Defendants WILLIAMS and DCR knowingly provided co-defendant ATLANTIC with access to plaintiff's copyrightable elements of plaintiff's controlled songwriter's rap lyrics embodied in the Subject Songs, resulting in defendants' infringing recordings and underlying musical compositions.

36. Defendants WILLIAMS, DCR, and ATLANTIC had no cognizable right to misappropriate,  record, produce, mix and master their new recordings and new songs which

6

derived from plaintiff's copyrighted Subject Songs, without first obtaining plaintiff's written permission and consent, as required by the Copyright Act; said defendants acted without total regard for plaintiff and plaintiff's rights; said defendants violated Title 17 by materially altering plaintiff's copyrighted works without obtaining plaintiff DREAM RICH's prior written consent.

37.   Co-defendant ATLANTIC illegally and unlawfully mechanically reproduced, manufactured, distributed and offered for sale and licensing the illegally infringing recordings and songs without any regard for plaintiff and plaintiff's rights.

38. Further, defendants WILLIAMS and/or DCR, then transferred to co-defendant ATLANTIC and their subsidiary and/or affiliated companies, in whole or part, their purported administrative, publishing and/or writers share rights (rights derivative of their respective interests in the copyright of the infringing recordings and songs), for defendants' sole financial gain, without any regard for plaintiff and plaintiff's rights.

39.   Defendants WILLIAMS and/or DCR had no legal right to transfer any copyright interests to the ATLANTIC co-defendants, because said defendants-transferors' rights were tainted by their infringement.

40.   Accordingly, as a matter of law, defendants could not transfer copyright interests in the infringing recordings and songs to the transferee defendants, because those rights were solely owned by plaintiff DREAM RICH.

41.   As such, defendants-transferees ATLANTIC and/or their subsidiaries or affiliated companies have no right whatsoever to claim any interest in the infringing sound recordings or underlying musical compositions, as such rights are derivative of the rights of co-defendants WILLIAMS and DCR, and these co-defendants possess no rights in the infringing sound recordings and underlying musical compositions due to their unlawful infringement as aforepleaded.

42. Defendants are liable to plaintiff for violation of Title 17 of the United States Code, and applicable case law, pertaining to unlawful infringement.

WHEREFORE on Count Two, plaintiff DREAM RICH demands judgment in its favor, and against all defendants, jointly and severally, as follows:

a) For actual damages in excess of Seventy-Five Thousand Dollars ($75,000), or in the alternative, for statutory damages;

b) For reasonable counsel fees and costs;

c) For such other relief as this Court may deem proper.

## COUNT THREE: CIVIL CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT: VIOLATION OF TITLE 17, UNITED STATES CODE (AGAINST ALL DEFENDANTS)

43. Paragraphs 1 through 42, inclusive are incorporated by reference as though fully set forth herein and made a part hereof.

44. Defendants WILLIAMS, DCR, and ATLANTIC engaged in a civil conspiracy to commit infringement upon plaintiff's Subject Songs.

45. Defendants actions were willful, intentional and with reckless disregard for the rights of plaintiff.

46. Defendants are liable unto plaintiff for conspiracy to commit copyright Infringement in violation of Title 17 of the United States Code.

WHEREFORE on Count Three, plaintiff DREAM RICH demands judgment in its favor, and against all defendants, jointly and severally, as follows:

a) For actual damages in excess of Seventy-Five Thousand Dollars ($75,000), or in the alternative, for statutory damages;

b) For reasonable counsel fees and costs;

c) For such other relief as this Court may deem proper.

## COUNT FOUR: ACCOUNTING AND CONSTRUCTIVE TRUST (AGAINST ALL DEFENDANTS)

47. Paragraphs 1 through 46 inclusive, are incorporated by reference as though fully set forth herein and made a part hereof.

48.  In the event infringement is proven by plaintiff, then in such event plaintiff is entitled to a full and discrete accounting of all revenues generated as a result of the aforepleaded infringement.

49.  Further, in such event plaintiff is entitled to the imposition of a constructive trust in regard to any past, present and future revenues that are misguidingly directed towards defendants, inclusive but not limited to the disgorgement of any such past revenues- all pertaining to the underlying copyright infringement of the Subject Songs.

50. The accounting and constructive trust are equitable remedies to which plaintiff is entitled in the interests of justice and fair play.

WHEREFORE on Count Four, plaintiff DREAM RICH demands judgment in its favor,  and against all defendants,  jointly and severally, as follows:

  a)  For a full and discrete accounting of all past, present and future revenues generated by defendants' infringing sound recordings and musical composition;

  b) For the imposition of a constructive trust in favor of plaintiff;

  c) For reasonable counsel fees and costs;

  d) For such other relief as this Court may deem proper.


Respectfully submitted,

Dated:  June 2, 2020

*s/Simon Rosen, Esq./s (#6279)*

SIMON ROSEN, ESQ.

ATTORNEY ID NO. 38603

325 Chestnut St., Suite 800
Philadelphia PA 19106

Tel. (215)564-0212

Email: SimonOnKey@aol.com